**Sandra ELLIOTT Plaintiff–Appellant,**

v.

**COUNTY OF MONROE, Defendants–Appellees.**

No. 04–0746–CV.

United States Court of Appeals, Second Circuit.

Nov. 18, 2004.

Lawrence J. Andolina, Trevett, Lenweaver & Salzer, P.C., Rochester, N.Y. (Katherine Piccola, on the brief), for Plaintiff–Appellant.

Daniel M. De Laus, Jr., County Attorney Rochester, N.Y. (Michael E. Davis), for Defendants–Appellees, of counsel.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals from the judgment of the United States District Court for the Western District of New York (Telesca, *J.*)

which granted defendants' motion for summary judgment on plaintiff's claims of excessive use of force and deliberate indifference to serious medical needs in violation of 42 U.S.C. § 1983. We assume familiarity with the proceedings below, the factual record, and the arguments on appeal. For the reasons that follow, we remand the decision on both the excessive use of force claim and the deliberate indifference to serious medical needs claim.

A party is entitled to summary judgment as a matter of law only where there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c). "It is well [ ] settled that in ruling on a motion for summary judgment, a judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented." *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 298 (2d. Cir. 1996) (second alteration in original).

Use of excessive force during an arrest is judged from a reasonableness standard. *Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). This inquiry must consider all the facts of the case, including the severity of the crime, whether the arrestee posed an immediate threat to the safety of others, and whether she actively resisted the arrest. *Id.* In a case of excessive force, this Court has held that it is impermissible to adopt the moving party's version of events simply because it is more credible. *Mickle v. Morin*, 297 F.3d 114, 123 (2d Cir.2002).

■ In this case, there are sharp factual disputes between the parties about wheth-

er, and to what extent, plaintiff was intoxicated and belligerent at the time of the events at issue. About one fact, however, there can be no dispute. Elliott pleaded guilty to harassing Officer Dano by poking him in the chest. Such conduct clearly gave the officers probable cause to arrest Elliott for harassment and, given that the harassment involved some physicality, any reasonable officer would have employed a degree of force in effectuating the arrest. Nevertheless, a number of questions cannot be resolved as a matter of law in favor of defendants on the present record. First, did the officers in fact use the degree of force asserted by plaintiff, i.e., did an officer twist plaintiff's arm behind her back, push his knee into her kneecap to bring her to the ground, and then subdue her by laying on top of her prone body? Second, to the extent such force was used, was it deliberate or was some conduct (particularly the officer falling on top of plaintiff) accidental? Finally, to the extent such force was deliberate, was that degree of force reasonably necessary to effect plaintiff's arrest under the circumstances then confronting the officers? *See generally Robison v. Via*, 821 F.2d 913, 923 (2d Cir.1987) ("Whether the constitutional line has been crossed depends on 'such factor as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of the injury inflicted ...'" (quoting *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.1973)). We remand so these matters can be explored and resolved at a plenary trial.

■ As to the deliberate indifference to serious medical needs claim, plaintiff must demonstrate that there is a genuine issue of material fact as to (a) an objective component—that the plaintiff sustained a "sufficiently serious" injury, and (b) a subjective component—that the defendant

possessed a "sufficiently culpable state of mind." *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). The parties agree that Elliott sustained a sufficiently serious injury to meet the objective component of deliberate indifference to serious medical needs. Plaintiff contends, however, that the officers also had a sufficiently culpable state of mind. Her claim appears to be in two parts. First, she asserts that the officers were deliberately indifferent to her need for prompt medical care, delaying procurement of an ambulance until she submitted to a breathalizer test and provided them with the name of her companion. Second, she asserts that the officers were deliberately indifferent to the seriousness of her knee injury, in fact, aggravating the damage sustained by making her walk on her injured knee despite her own protestations and the obvious deformity in her joint.

■ Even if we accept plaintiff's account of what are, again, sharply disputed facts, we agree with the district court that no reasonable jury could find in her favor on the delay prong of her claim because undisputed records indicate that an ambulance arrived at the scene within fifteen minutes of plaintiff's injury. But the question of defendants' deliberate indifference to the aggravating effect on plaintiff's injury of making her walk on her injured leg cannot be resolved as a matter of law. A jury must decide the extent and obviousness of plaintiff's injury, and whether she was, in fact, compelled to walk after her

injury (as she asserts)[1] or carried to the ambulance on a stretcher (as defendants insist).

Under the subjective component, an officer acts with deliberate indifference when that officer "knows of and disregards an excessive risk to [an individual's health or safety]; the [officer] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Douglas v. Stanwick*, 93 F.Supp.2d 320, 324 (W.D.N.Y.2000) (internal quotation marks and citation omitted). Plaintiff made sufficient allegations to withstand a motion for summary judgment with regard to the subjective component of the deliberate indifference to serious medical needs claim. She presented facts in support of her allegations that the defendants were aware of her injury and disregarded the fact that a serious risk of harm would exist if she walked from the Inn to the patrol car on her injured knee.

First, there is evidence suggesting that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed]." *Douglas*, 93 F.Supp.2d at 324. Elliott alleges that after her fall her knee was "visibly disfigured." In addition, Deputy Sofia testified in his deposition that "I looked down at the leg and I could see that it was disfigured," suggesting that he may have been aware of the severity of her injury.

---

1. There is some confusion in the record as to whether plaintiff claims to have been forced to walk to the ambulance upon its arrival or forced to walk to the patrol car prior to the arrival of the ambulance. In her deposition, plaintiff stated that she was handcuffed and led to the police car, where one of the defendants "opened the door and laid [her] on the seat face first and raised [her] legs up behind [her] and closed the car door," that the patrol car was driven some distance and met by the ambulance and then "they moved [plaintiff] to the ambulance and they continued to take [her] to the hospital." She additionally testified that she was "taken by the ambulance personnel from the sheriff's car into an ambulance." At oral argument plaintiff stated that she was forced to walk to the ambulance. The question of where she walked is irrelevant here, as the only concern is whether or not she walked somewhere, thereby exacerbating her injury.

Second, Elliott presents evidence suggesting that the defendants "drew the inference" that there was a substantial risk of harm. *Douglas,* 93 F.Supp.2d at 324. She alleges that they then forced her to walk on ·her "visibly disfigured" knee to their patrol car prior to the arrival of the ambulance, an action that her medical expert believes exacerbated the severity of her injury. Although the defendants do not believe that she was made to walk, at oral argument they stated that they accept that claim for the purpose of the summary judgment motion and additionally explained that one of the defendants "saw that she was disfigured and that's why he called an ambulance," If the reason for calling the ambulance was the disfigurement of plaintiff's knee, it is possible that the defendants were aware of the extent of her injury and consequently had a sufficiently culpable mind. The question of visible disfigurement and the fact that Elliott may have been made to walk to the patrol car represent issues of fact that speak to the defendants' possible awareness of her serious injury. While a jury would not be required to credit Elliott's version of the facts, these disparities indicate that issues of material fact exist and that summary judgment was inappropriate with regard to the claim that she was forced to walk on her injured knee.

Having reviewed the district court's grant of summary judgment *de novo,* we conclude that summary judgment should not have been awarded in favor of defendants on the excessive use of force claim and that part of the deliberate indifference to serious medical needs claim charging defendants with aggravating plaintiff's knee injury by making her walk to an ambulance. Summary judgment was appropriate only with respect to that part of the deliberate indifference claim charging unnecessary delay in procuring an ambulance.

For the foregoing reasons, the judgment of the district court is REMANDED with regard to both claims.